**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Billy Hout, ) | No. CV 05-2332-PHX-MHM (DKD) |
| )  Plaintiff, ) | **ORDER** |
| )  vs. ) | |
| ) | |
| Joseph Arpaio, ) | |
| )  Defendant ) | |
| ) | |

Plaintiff Billy Hout, confined at the Maricopa County Jail in Phoenix, Arizona, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983. Plaintiff has also filed an Application To Proceed In Forma Pauperis. This is one of hundreds of lawsuits filed in this district since September 2004 alleging that the overcrowded conditions in the Maricopa County Jail system have resulted in a variety of constitutional violations. The Court will require an answer to the Complaint

**A. Application to Proceed *In Forma Pauperis* & Filing Fee**

Plaintiff's request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a). Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of $250.00 for this action. An initial partial filing fee will not be assessed by this Order. 28 U.S.C. § 1915(b)(1). By separate order, the Court will direct that Plaintiff will be obligated for monthly payments of 20 percent of the preceding month's income credited to Plaintiff's

**JDDL**

1 trust account. These payments will be forwarded by the appropriate agency to the Clerk of
2 Court each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid
3 in full. 28 U.S.C. § 1915(b)(2).

4      Plaintiff should take notice that if he is released before the filing fee is paid in full, he
5 must pay the remaining unpaid amount of the filing fee within 120 days of the date of his
6 release. If Plaintiff fails to pay the remainder of the filing fee within 120 days of the date of
7 his release, the action will be dismissed, unless Plaintiff shows good cause, in writing, why
8 he is unable to pay the remainder of the filing fee.

9 **B.  Statutory Screening of Prisoner Complaints**

10      The Court is required to screen complaints brought by prisoners seeking relief against
11 a governmental entity or officer or employee of a governmental entity. 28 U.S.C.
12 § 1915A(a). The Court must dismiss a complaint or portion thereof if the Plaintiff has raised
13 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief
14 may be granted, or that seek monetary relief from a defendant who is immune from such
15 relief. 28 U.S.C. § 1915A(b)(1), (2).

16 **C.  Claims and/or Parties to be Served and/or Dismissed**

17      In his Complaint Plaintiff alleges that the jail is severely overcrowded, that his safety
18 is threatened and that his diet is improper. The sole Defendant is Joe Arpaio. These
19 allegations adequately state a claim, and the Court will require an answer to the Complaint.

20      Plaintiff refers to Hart v. Hill, No. CIV 77-0477-PHX-EHC (D. Ariz.), claiming that
21 the conditions of his confinement violated an Amended Judgment in that action. Jurisdiction
22 to enforce the judgment is retained by the court which entered it. Jeff D. v. Kempthorne, 365
23 F.3d 844, 853 (9th Cir. 2004). A civil rights action is not the proper means by which to
24 enforce the decree. Cagle v. Sutherland, 334 F.3d 980, 986 (11th Cir. 2003); Klein v.
25 Zavaras, 80 F.3d 432, 435 (10th Cir. 1996); DeGidio v. Pung, 920 F.2d 525, 534 (8th
26 Cir.1990); Green v. McKaskle, 788 F.2d 1116, 1122-23 (5th Cir. 1986). Standing alone,
27 remedial orders cannot serve as a substantive basis for a section 1983 claim for damages
28 because such orders do not create "rights, privileges, or immunities secured by the

JDDL                                                                           - 2 -

1  Constitution and laws." Green, 788 F.3d at 1123-24.  Remedial decrees are the means by
2  which unconstitutional conditions are corrected but they do not create or enlarge
3  constitutional rights.  Id. at 1123.

4      To the extent Plaintiff seeks to enforce Hart v. Hill, his claim is not properly brought
5  in this action.  Instead, his allegations must separately state a violation of a constitutional
6  right.  At this juncture, as described *supra*, Plaintiff's allegations do state a claim for a
7  constitutional violation. He cannot, however, seek to enforce Hart v. Hill in this civil rights
8  action.

9  **D.**    **Rule 41 Cautionary Notice**

10      Plaintiff should take notice that if he fails to timely comply with every provision of
11  this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule
12  41(b) of the Federal Rules of Civil Procedure.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-
13  61 (9th Cir.) (district court may dismiss action for failure to comply with any order of the
14  Court), cert. denied, 506 U.S. 915 (1992).

15  **IT IS THEREFORE ORDERED:**

16      (1)  That Plaintiff's Application to Proceed *In Forma Pauperis* is granted.  Plaintiff
17  is obligated to pay the statutory filing fee of $250.00 for this action.  Plaintiff is assessed no
18  initial partial filing fee;

19      (2)  That the Maricopa County Sheriff or his designee shall collect the filing fee from
20  Plaintiff's trust account by collecting monthly payments in an amount equal to 20 percent of
21  the preceding month's income credited to Plaintiff's trust account and forwarding the
22  payments to the Clerk of the Court each time the amount in the account exceeds $10.00 in
23  accordance with 28 U.S.C. § 1915(b)(2).  The payments shall be clearly identified by the
24  name and number assigned to this action;

25      (3)  That the Clerk of Court shall send Plaintiff a service packet including the
26  Complaint, this Order, and both summons and request for waiver forms for Defendant Joe
27  Arpaio;

28

(4) That Plaintiff shall complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order;

(5) That if Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on each Defendant within 120 days of the filing of the complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i);

(6) That the United States Marshal shall retain the Summons, a copy of the Complaint, and a copy of this Order for future use;

(7) That the United States Marshal shall notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure and Rule 4(j)(2) of the Federal Rules of Civil Procedure and Rule 4.1(c) of the Arizona Rules of Civil Procedure. The notice to Defendants shall include a copy of this Order. The Marshal shall file waivers of service of the summons or requests for waivers that were returned as undeliverable as soon as they are received. If a waiver of service of summons is not returned by a Defendant within thirty days from the date the request for waiver was sent by the Marshal, the Marshal shall:

   (a) Personally serve copies of the Summons, Complaint, and this Order upon the Defendant pursuant to Rule 4(e)(2) and Rule 4(j)(2) of the Federal Rules of Civil Procedure;

   (b) Within 10 days after personal service is effected, file the return of service for the Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon the Defendant. The costs of service shall be enumerated on the return of service form (USM-285) and shall include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be

taxed against the personally served defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court;

(8) **That a Defendant who agrees to waive service of the Summons and Complaint shall return the signed waiver forms to the United States Marshal, not the Plaintiff;**

(9) That Defendants shall answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure;

(10) That any answer or responsive pleading shall state the specific Defendant(s) by name on whose behalf it is filed. The Court may strike any answer, responsive pleading, or other motion or paper that does not identify the specific Defendant(s) by name on whose behalf it is filed;

(11) That Plaintiff shall serve upon Defendants, or if appearance has been entered by counsel, upon counsel, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original document and copy, to be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of the pleading or document was mailed to Defendants or counsel. Any paper received by a District Court Judge or Magistrate Judge which has not been filed with the Clerk of Court may be disregarded by the Court;

(12) That at all times during the pendency of this action, Plaintiff shall immediately advise the Court and the United States Marshal of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date. Plaintiff shall serve a copy of the notice on all opposing parties. The notice shall not include any motions for any other relief. Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure;

1    (13) That a clear, legible copy of every pleading or other document filed shall
2 accompany each original pleading or other document filed with the Clerk for use by the
3 District Judge or Magistrate Judge to whom the case is assigned. Failure to comply with this
4 requirement may result in the pleading or document being stricken without further notice to
5 Plaintiff; and

6    (14) That this matter is referred to Magistrate Judge David K. Duncan pursuant to
7 Local Rules of Civil Procedure 72.1 and 72.2 for further proceedings.

8    DATED this 20th day of October, 2005.

*[signature]*
Mary H. Murguia
United States District Judge

- 6 -