**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BILLY HOUT, | No. CV 05-2332 PHX MHM (DKD) |
| Plaintiff, | MEMORANDUM AND ORDER |
| v. | |
| JOE ARPAIO, | |
| Defendant. | |

Pending before the Court is Defendant's motion to dismiss Plaintiff's complaint. (Doc. 7).

**BACKGROUND**

Plaintiff filed a *pro se* Civil Rights Complaint by a Prisoner (Doc. 1) on August 4, 2005. On October 24, 2005, the Court ordered Defendant to answer Plaintiff's allegation that Defendant violated Plaintiff's constitutional rights by subjecting him to overcrowded and unsafe living conditions and by failing to provide him with an adequate diet. Doc. 4.

On March 6, 2006, Defendant answered the complaint (Doc. 6) and filed a motion to dismiss Plaintiff's complaint (Doc. 7). Defendant argues the complaint must be dismissed because

1  Plaintiff failed to exhaust his administrative remedies as
2  required by 42 U.S.C. § 1997e(a).
3      On March 6, 2006, Plaintiff was ordered to answer the
4  motion to dismiss on or prior to April 4, 2006.  Doc. 8.
5  Plaintiff was warned by the Court that his failure to respond
6  to Defendant's motion could be deemed consent to the entry of
7  judgment against Plaintiff, pursuant to Rule 7.2, United
8  States District Court for the District of Arizona Local Rules
9  of Civil Procedure.  Plaintiff has not, as of April 21, 2006,
10 responded to Defendant's motion to dismiss his complaint.

**Discussion**

**A. Standard for granting a motion to dismiss**

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must take the factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff.  See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1121 (9th Cir. 2002); Epstein v. Washington Energy Co., 83 F.3d 1136, 1140 (9th Cir. 1996).  Additionally, *pro se* complaints are held to a less strict standard than those drafted by counsel.  See Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976).  It is not appropriate to dismiss a pro se prisoner's civil rights action unless it is "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Id. See also Akao v. Shimoda, 832 F.2d 119, 120 (9th Cir. 1987).

**B. Exhaustion**

Exhaustion of administrative remedies under the Prison Litigation Reform Act ("PLRA") is governed by 42 U.S.C. § 1997e(a). This statute provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (2003 & Supp. 2005). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes." Porter v. Nussle, 534 U.S. 516, 532 (2002).

A plaintiff must fully exhaust his administrative remedies before filing a section 1983 complaint. McKinney v. Carey, 311 F.3d 1198, 1199-1200 (9th Cir. 2002). To fully exhaust a section 1983 claim, a prisoner must pursue his grievance to the highest administrative level available to him. See Thomas v. Woolum, 337 F.3d 720, 726 (6th Cir. 2003); Harper v. Jenkin, 179 F.3d 1311, 1312 (11th Cir. 1999); Morgan v. Maricopa County, 259 F. Supp. 2d 985, 990-91 & n.13 (D. Ariz. 2003).

Exhaustion is an affirmative defense; establishing exhaustion of administrative remedies under the PLRA is not a pleading requirement or a jurisdictional prerequisite. See Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir.), cert. denied, 124 S. Ct. 50 (2003); Giano v. Goord, 380 F.3d 670, 675 (2d Cir. 2004). Therefore, Defendant has "the burden of

1  raising and proving the absence of exhaustion." Wyatt, 315
2  F.3d at 1119. The failure to exhaust administrative remedies
3  under the PLRA is treated as a matter in abatement and is
4  properly raised in an unenumerated Rule 12(b) motion. Id.
5  "In deciding a motion to dismiss for a failure to exhaust
6  nonjudicial remedies, the court may look beyond the pleadings
7  and decide disputed issues of fact." Id. at 1119-20. "If the
8  district court concludes that the prisoner has not exhausted
9  nonjudicial remedies, the proper remedy is dismissal of the
10 claim without prejudice." Id. at 1120.

11     Defendant presents evidence that Plaintiff had
12 administrative remedies available to him regarding his section
13 1983 claims, and that Plaintiff pursued grievances with regard
14 to other matters while he was incarcerated, but that Plaintiff
15 did not pursue any grievance related to the claims raised in
16 his section 1983 complaint. Doc. 7, Exhs. A & B.

17     Additionally, Rule 7.2, United States District Court for
18 the District of Arizona Local Rules of Civil Procedure
19 provides that a party's failure to respond to a motion may, in
20 the Court's discretion, be deemed a consent to the Court's
21 granting of judgment in favor of the movant. See Brydges v.
22 Lewis, 18 F.3d 651, 652-53 (9th Cir. 1994). When the Court
23 has warned the non-moving part that their failure to respond
24 "'shall constitute a consent'" to the granting of the motion,
25 the Court may properly exercise its discretion to a motion
26 based on the non-moving party's construed consent. Id. See
27 also Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)
28 (holding that the district court did not abuse its discretion

1  by summarily granting the defendants' motion to dismiss
2  pursuant to a local rule where the pro se plaintiff had time
3  to respond to the motion but failed to do so).

### Conclusion

5  Defendant has presented evidence to the Court that
6  administrative remedies were available to Plaintiff.
7  Plaintiff makes no assertion in response to the motion to
8  dismiss that administrative remedies were not available to
9  him.  Plaintiff makes no response to Defendant's motion to
10 dismiss the complaint.  Therefore, the Court concludes that
11 Plaintiff's complaint must be dismissed without prejudice
12 pursuant to section 1997e because Plaintiff failed to exhaust
13 his administrative remedies regarding his claims prior to
14 filing his section 1983 suit.

15 **THEREFORE, IT IS ORDERED THAT** Defendant's Motion to
16 Dismiss (Doc. 7) is **GRANTED**.

17 Plaintiff's complaint is hereby **dismissed without**
18 **prejudice**.

19 DATED this 2nd day of May, 2006.

_____
Mary H. Murguia
United States District Judge